Filed 3/23/22  P. v. Garner CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br>v.<br><br>CEAN ALLEN GARNER,<br><br>      Defendant and Appellant. | A161204<br><br>(Mendocino County<br>Super. Ct. No. SCUK-CRCR-18-94108) |

In December 2019, defendant and appellant Cean Allen Garner pleaded no contest to three counts of possession of a controlled substance while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)). In August 2020, the trial court suspended imposition of sentence and placed Garner on formal probation for three years, subject to various terms and conditions. On appeal, Garner challenges the validity of the court's imposition of certain fines and fees in light of subsequently enacted legislation. He further contends the order of probation must be modified to correct clerical errors. We agree.

## BACKGROUND

Because the issues on appeal solely relate to sentencing, we omit the facts of the underlying offenses.

1

At the August 28, 2020 sentencing hearing, the trial court ordered Garner to pay the following fines and fees pursuant to Penal Code[1] section 1203.1b, subdivision (a): (1) a $400 presentence investigation report fee; (2) a $92 per month probation supervision fee; (3) a $33 per month drug testing fee; and (4) a $237 fee for preparation of the supplemental probation report. The court further imposed a $50 installment payment fee (§ 1205) and a $75 probation collection fee (§ 1203.1b, subd. (h).) Additionally, the court imposed but suspended a $300 restitution fine (§ 1204.4; Gov. Code, § 13967) and a $300 probation revocation restitution fine (§ 1202.44).[2]

With the exception of the restitution fine further discussed below, these orders are reflected in the probation order filed on October 16, 2020.

## DISCUSSION

Garner argues and the Attorney General agrees that the passage of Assembly Bill No. 1869 eliminated Garner's responsibility for any unpaid balance of the fees imposed pursuant to section 1203.1b. Garner also argues that the passage of Assembly Bill No. 177 similarly eliminates the $50 installment payment fee (§ 1205) and the $75 collection fee (§ 1203.1b, subd. (h).) Finally, Garner contends the probation order should be modified to reflect the restitution fines were suspended rather than imposed.

---

[1] All further undesignated statutory references are to the Penal Code.

[2] The parties refer to the imposition of a $50 registration fee imposed under former section 987.5, which was repealed effective July 1, 2021 (repealed by Stats. 2020, ch. 92, § 36). However, this fee was not imposed in the October 2020 probation order that is the subject of the instant appeal. Rather, this fee was imposed on September 5, 2018, after Garner advised the court that he could not afford retained counsel. As the September 5, 2018 order after hearing is not challenged in this appeal, we express no opinion regarding the imposition of the $50 registration fee imposed under former section 987.5.

## I. Assembly Bill No. 1869

Effective July 1, 2021, Assembly Bill No. 1869 " 'eliminate[d] the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and . . . eliminate[d] all outstanding debt incurred as a result of the imposition of [identified] administrative fees.' " (*People v. Greeley* (2021) 70 Cal.App.5th 609, 625 (*Greeley*).) Assembly Bill No. 1869 repealed and amended statutes that apply to certain fines and fees imposed in cases that were pending on appeal when the legislation became effective. (*People v. Clark* (2021) 67 Cal.App.5th 248, 252 (*Clark*).)

As applicable here, Assembly Bill No. 1869 amended the Penal Code by adding section 1465.9, which states in relevant part: "On and after July 1, 2021, the balance of any court-imposed costs pursuant to Section . . . 1203.1b, . . . as [that section] read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing th[at] cost[ ] shall be vacated." (§ 1465.9, subd. (a); *Clark, supra*, 67 Cal.App.5th at p. 259; *Greeley, supra*, 70 Cal.App.5th at p. 625.)

The parties agree, and we concur, that the statutes enacted by Assembly Bill No. 1869 apply to the four fees imposed pursuant to former section 1203.1b and are unenforceable and uncollectable, and the portion of the judgment imposing those costs must be vacated.

Accordingly, we vacate the portion of the judgment imposing the probation investigation fee ($400), monthly probation supervision fee ($92), monthly drug testing fee ($33), and supplemental probation report fee ($237) under former section 1203.1b. (§§ 1260 [appellate court may modify a judgment "as may be just under the circumstances"]; 1465.9, subd. (a) ["portion of a judgment imposing those costs shall be vacated"]; *Clark, supra*,

3

67 Cal.App.5th at p. 259 [appellate court "must" grant a defendant's request to vacate "the 'portion' of a judgment imposing an outstanding, uncollectible 'balance' of indebtedness"].)

## II. Assembly Bill No. 177

In September 2021, while this appeal was pending, the Legislature enacted Assembly Bill No, 177, which amended section 1465.9 by adding section 1202.4 to the provisions to which the debt cancellation applies. (§ 1465.9, subd. (b), as amended by Stats. 2021, ch. 257, § 35.) However, Assembly Bill No. 177 both repeals and reenacts section 1202.4, effective January 1, 2022, with only a single change—the elimination of former subdivision (*l*), which authorized an administrative fee to cover the costs of collecting a restitution fine.

While the Attorney General does not address Assembly Bill No. 177, it appears the installment fee ($50) imposed under section 1205 and the collection fee ($75) imposed under section 1203.1b, subdivision (h) are similarly unenforceable and uncollectible as of January 1, 2022. Accordingly, we vacate the portion of the judgment imposing the $50 installment fee (§ 1205) and the $75 collection fee (§ 1203.1b, subd. (h)).

## III. Restitution Fines

Finally, we turn to Garner's argument that the probation order requires modification because it fails to reflect that the trial court imposed but suspended the restitution fines. Garner asks that we "strike" or modify the restitution fund fines as listed in the probation order. "Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction . . . [can order] correction of abstracts of judgment that [do] not accurately reflect the oral judgments of sentencing courts." (*People v.*

*Mitchell* (2001) 26 Cal.4th 181, 185.) We agree the probation order requires modification.

At the August 28, 2020 sentencing hearing, the trial court stated: "I am going to *suspend* term 30 [of the proposed probation order], the $300 restitution fine. Term 31 will be suspended unless there's a violation of this probation." (Italics added.) The October 2020 probation order, however, checks box 30 without further indication that the $300 restitution fine (§ 1204.4; Gov. Code, § 13967) was suspended.[3] " 'Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls.' " (*Clark, supra,* 67 Cal.App.5th at pp. 260–261.) Accordingly, we order the modification of the probation order at paragraph 30 to reflect that the $300 restitution fine (§ 1204.4; Gov. Code, § 13967) is suspended.

## DISPOSITION

We strike any unpaid balance of the fees imposed under former section 1203.1b, former section 1202.4, and section 1205; we vacate that portion of the judgment. We direct the trial court to modify the October 2020 probation order to reflect that the $300 restitution fine imposed under section 1202.44 and Government Code section 13967 is suspended. In all other respects the judgment is affirmed. The matter is remanded to the trial court for correction. The trial court shall notify the appropriate authorities regarding the modifications to Garner's probation.

---

[3] Although not a model of clarity, the probation order reflects the probation revocation restitution fine imposed under section 1202.44 was suspended. Paragraph 31 of the probation order provides: "You shall pay a Restitution Fine in the amount of $300, and that $300 of said fine be stayed {12022.44 PC}, with the stay to become permanent upon your successful completion of probation." (Original boldface and underlining omitted.)

5

_____
Desautels, J.*

WE CONCUR:


_____
Streeter, Acting P.J.


_____
Brown, J.


*A161204  People v. Garner*

_____

    * Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.